UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSEPH J. PEZZULLO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   C.A. NO.: |
| | : |
| FLAGSTAR BANK, FSB, | : |
| | : |
| Defendant. | : |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, et seq., Defendant, Flagstar Bank, FSB ("Flagstar"), by and through its undersigned counsel, for the purpose of removing this case to the United States District Court for the District of Rhode Island, respectfully states:

**1.     State Court Action.**  Plaintiff, Joseph J. Pezzullo ("Plaintiff"), filed a *Class Action Complaint and Jury Demand* ("Complaint") on behalf of himself and other similarly situated individuals against Flagstar on or about March 22, 2017 in the Rhode Island Superior Court for Providence County, being Civil Action No.: PC-2017-1295, on the docket of said Court.  A copy of the Complaint is attached hereto as **Exhibit A**.

**2.     Federal Jurisdiction.**  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### Diversity

a.     Plaintiff alleges that he is a citizen of Rhode Island.  *Compl.* ¶ 15; 28 U.S.C. § 1332(2).

- 2 -

b.  Flagstar is not a citizen of Rhode Island. At the time this action was filed and as of the date of this Notice, Flagstar was and is a citizen of Michigan. "In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x). Flagstar is a federal savings association that maintains its home office in Michigan. Therefore, Flagstar is a Michigan citizen for purposes of diversity jurisdiction.

c.  Because Plaintiff is not a citizen of the same state as Defendant, complete diversity exists in this matter. See 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

## AMOUNT IN CONTROVERSY

d.  The amount in controversy exceeds $75,000.00. Plaintiff's Complaint seeks, *inter alia*, a declaration of rights based upon the *Mortgage*, as well as "actual, monetary, punitive, and exemplary damages, restitution, and accounting, attorneys' fees, costs, and equitable relief." *Compl.* ¶¶ 35, 93.

e.  Plaintiff alleges ownership of real estate located at 3 Mascio Drive, Johnston, Rhode Island (the "Property"). *Compl.* ¶ 15. On or about October 30, 2008, Plaintiff executed a mortgage encumbering the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Sher Financial Group (the "Mortgage"). *Compl.* ¶ 30. The Mortgage secured a loan in the amount of $245,278.00. *Compl.* ¶ 20. On or about February 11, 2011, MERS assigned the Mortgage to Flagstar. *Compl.* ¶ 25. Plaintiff alleges that Flagstar is the current mortgagee. *Compl.* ¶ 25. The

- 3 -

most recent property value according to the City of Johnston, Rhode Island Tax Assessor's Summary Data for the Property, reflects that it has an assessed value of $212,400.00. A copy of the Summary Data is attached hereto as **Exhibit B**. 28. U.S.C. § 1332(a). Thus, the amount in controversy easily exceeds $75,000.00.

3. **Proper Venue.** This Court is the proper district court for removal because the Providence County Superior Court is located within the United States District Court for the District of Rhode Island.

4. **Timeliness of Removal Petition.** Plaintiff filed the Complaint on or about March 22, 2017. Flagstar Bank, FSB or its registered agent received a copy of the Complaint on or about April 5, 2017.[1] Removal of this action is therefore timely under 28 U.S.C. § 1446(b).

5. **Compliance.** Flagstar will promptly file a copy of this Notice of Removal with the Clerk of the Rhode Island Superior Court for the County of Providence, where this action is pending, and will serve such notice on Plaintiff in compliance with 28 U.S.C. § 1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Flagstar's Local Rule 81(a) submission.

6. **Relief Requested.** Flagstar respectfully requests that the United States District Court for the District of Rhode Island accept this Notice of Removal, and that it assume jurisdiction of this cause of action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

---

[1] Flagstar does not waive its right to later contest whether service was properly made.

- 4 -

        Respectfully submitted,

        FLAGSTAR BANK, FSB,

        By its Attorneys,

        /s/ Joseph A. Farside, Jr.
        Joseph A. Farside, Jr. (#7559)
        Krystle G. Tadesse (#7944)
        LOCKE LORD LLP
        2800 Financial Plaza
        Providence, RI 02903-2499
        401.274.9200
        401.276.6611 (fax)
        joseph.farside@lockelord.com
        krystle.tadesse@lockelord.com

Date: May 5, 2017

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on the 5th day of May, 2017, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

        /s/ Joseph A. Farside, Jr.