# SC DOCKET SHEET

## CASE NO. PC-2017-1295

| | | |
|---|---|---|
| Joseph Pezzullo<br>v.<br>Flagstar Bank, FSB | §<br>§<br>§<br>§<br>§ | Location: **Providence/Bristol County Superior Court**<br>Filed on: **03/22/2017**<br>US District Court Case Number: **1:17-cv-00189** |

---

### CASE INFORMATION

**Statistical Closures**
05/05/2017     Closed - Unassigned

Case Type: **Breach of Contract**

Case Status: **05/05/2017   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          PC-2017-1295<br>Court                     Providence/Bristol County Superior Court<br>Date Assigned       03/22/2017 |

---

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Pezzullo, Joseph J** | **Dion, Todd**<br>*Retained*<br>4019654131(W) |
| **Defendant** | **Flagstar Bank, FSB** | **FARSIDE, JOSEPH A.**<br>*Retained*<br>4014557648 x000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 05/05/2017 | Case Removed to US District Court |
| 05/05/2017 | Closed Unassigned |
| 05/05/2017 | Notice of Removal<br>*Notice of Defendant's Federal Court Notice of Removal* |
| 04/21/2017 | Stipulation Filed Extension of Time<br>*Extension Stipulation* |
| 04/21/2017 | Entry of Appearance<br>*Entry of Appearance by Krystle G. Tadesse on Behalf of Defendant Flagstar Bank, FSB* |
| 04/21/2017 | Entry of Appearance<br>*Entry of Appearance by Joseph A. Farside, Jr. on Behalf of Defendant Flagstar Bank, FSB* |
| 03/23/2017 | Summons |
| 03/22/2017 | Complaint Filed<br>*Complaint* |



# STATE OF RHODE ISLAND
# AND PROVIDENCE PLANTATIONS

## CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

### Case Information

Case Caption: Joseph Pezzullo    vs. Flagstar Bank

Federal Court Case No. 1:17-cv-00189    State Court Case No. PC-2017-1295

### Record Information

Confidential:    Yes ☐    No ☑    Description: _____

Sealed documents:    Yes ☐    No ☑    Description: _____

### Certification

I, Lynn Gaulin _____, Clerk of the Rhode Island Superior Court for the County of
Providence _____ do certify that the attached documents are all the documents
included in the record in the above referenced case.

Clerk of Court

Date: 05/05/2017    /s/ Lynn Gaulin _____
By Deputy Clerk

STATE OF RHODE ISLAND                SUPERIOR COURT
PROVIDENCE, SC.

| | | |
|---|---|---|
| JOSEPH PEZZULLO | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: PC 2017-1295 |
| | : | |
| FLAGSTAR BANK, FSB | : | |
| | : | |
| Defendant. | : | |

## NOTICE OF DEFENDANT'S FEDERAL COURT NOTICE OF REMOVAL

Defendant Flagstar Bank, FSB, by and through its attorneys, Locke Lord LLP, hereby gives notice Defendant's Notice of Removal was filed with the United States District Court, District of Rhode Island on May 5, 2017. *See* Defendant's Notice of Removal, attached hereto as **Exhibit A**.

Dated: May 5, 2017

DEFENDANT,
Flagstar Bank, FSB

By its Attorneys,

LOCKE LORD LLP

/s/ Joseph A. Farside, Jr.
Joseph A. Farside, Jr. (#7559)
Krystle G. Tadesse (#7944)
2800 Financial Plaza
Providence, RI 02903-2499
401.274.9200
401.276.6611 (fax)
joseph.farside@lockelord.com
krystle.tadesse@lockelord.com

AM 66223885.1

## CERTIFICATE OF SERVICE

I Joseph A. Farside, Jr., hereby certify that on this 5th day of May, 2017, I caused the within document to be filed and served through the electronic filing system on the following parties:

Todd S. Dion, Esq.
1599 Smith Street
North Providence, RI 02911

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Joseph A. Farside, Jr.

- 2 -

AM 66223885.1

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC.

JOSEPH J. PEZZULLO, on behalf of          :
himself and all others similarly situated,       :
                                                               :
                    Plaintiff,                             :
                                                               :
          v.                                                 :          C. A. No. PC2017-1295
                                                               :
FLAGSTAR BANK, FSB,                             :
                                                               :
                    Defendant.                         :

## STIPULATION

It is hereby stipulated and agreed that the time within which Defendant Flagstar Bank,

FSB shall answer or otherwise respond to the Complaint is hereby extended to and including

May 12, 2017.

| JOSEPH J. PEZZULLO, on behalf of himself and all others similarly situated<br>By his Attorney,<br><br>/s/ Todd S. Dion<br>Todd S. Dion (#6852)<br>1599 Smith Street<br>North Providence, RI  02911<br>(401) 639-4330<br>(401) 639-4331 (Fax)<br>toddsdion@msn.com | FLAGSTAR BANK, FSB<br><br>By their Attorneys,<br><br>/s/ Krystle G. Tadesse<br>Joseph A. Farside, Jr. (#7559)<br>Krystle G. Tadesse (#7944)<br>LOCKE LORD LLP<br>2800 Financial Plaza<br>Providence, RI  02903<br>(401) 274-9200<br>(401) 276-6611 (Fax)<br>joseph.farside@lockelord.com<br>krystle.tadesse@lockelord.com |

April 21, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2017, I filed and served this document through the electronic filing system on the following parties:

Todd S. Dion, Esq.
1599 Smith Street
North Providence, RI 02911
toddsdion@msn.com

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Krystle G. Tadesse

AM 66129333.1

2

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

JOSEPH J. PEZZULLO, on behalf of          :
himself and all others similarly situated,    :
                                               :
            Plaintiff,                         :
                                               :
      v.                                       :        C. A. No. PC2017-1295
                                               :
FLAGSTAR BANK, FSB,                            :
                                               :
            Defendant.                         :

## ENTRY OF APPEARANCE

Appearance is hereby entered by Krystle G. Tadesse on behalf of defendant Flagstar

Bank, FSB.

                              /s/ Krystle G. Tadesse
                              Krystle G. Tadesse (#7944)
                              LOCKE LORD LLP
                              2800 Financial Plaza
                              Providence, RI  02903
                              (401) 274-9200
                              (401) 276-6611 Fax
                              krystle.tadesse@lockelord.com
April 21, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2017, I filed and served this document
through the electronic filing system on the following parties:

Todd S. Dion, Esq.
1599 Smith Street
North Providence, RI  02911
toddsdion@msn.com

The document electronically filed and served is available for viewing and/or
downloading from the Rhode Island Judiciary's Electronic Filing System.

                              /s/ Krystle G. Tadesse

AM 66129371.1

Case Number: PC-2017-1295
Filed in Providence/Bristol County Superior Court
Submitted: 4/21/2017 12:35:45 PM
Envelope: 1013613
Reviewer: Lynn G.

STATE OF RHODE ISLAND            SUPERIOR COURT
PROVIDENCE, SC.

JOSEPH J. PEZZULLO, on behalf of     :
himself and all others similarly situated,    :
                                 :
        Plaintiff,              :
                                 :
       v.                    :         C. A. No. PC2017-1295
                                 :
FLAGSTAR BANK, FSB,            :
                                 :
        Defendant.        :

## ENTRY OF APPEARANCE

Appearance is hereby entered by Joseph A. Farside, Jr. on behalf of defendant Flagstar

Bank, FSB.

                              /s/ Joseph A. Farside, Jr.
                              Joseph A. Farside, Jr. (#7559)
                              LOCKE LORD LLP
                              2800 Financial Plaza
                              Providence, RI 02903
                              (401)-274-9200
                              (401) 276-6611 (Fax)
                              joseph.farside@lockelord.com
April 21, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2017, I filed and served this document
through the electronic filing system on the following parties:

Todd S. Dion, Esq.
1599 Smith Street
North Providence, RI 02911
toddsdion@msn.com

The document electronically filed and served is available for viewing and/or
downloading from the Rhode Island Judiciary's Electronic Filing System.

                              /s/ Joseph A. Farside, Jr.

AM 66129602.1

STATE OF RHODE ISLAND AND ⚖ PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2017-1295 |
| **Plaintiff**<br>Joseph J Pezzullo<br>     v.<br>**Defendant**<br>Flagstar Bank, Fsb | **Attorney for the Plaintiff or the Plaintiff**<br>Todd Dion |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>1599 SMITH STREET<br>NORTH PROVIDENCE RI  02911 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>5151 Corporate Drive<br>Troy MI  48098 |

**TO THE DEFENDANT, Flagstar Bank, FSB:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 3/23/2017. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Joseph J Pezzullo<br><br>v.<br><br>**Defendant**<br>Flagstar Bank, Fsb | **Civil Action File Number**<br>PC-2017-1295 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Flagstar Bank, FSB, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

   _____

SERVICE DATE: _____/_____/_____          SERVICE FEE $ _____
                 Month    Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

| | |
|---|---|
| **STATE OF RHODE ISLAND** | **SUPERIOR COURT** |
| **PROVIDENCE, SC.** | |

| | | |
|---|---|---|
| JOSEPH J. PEZZULLO, on behalf of himself and | ) | |
| all others similarly situated | ) | |
| | ) | CA NO. |
| *Plaintiff,* | ) | |
| | ) | CLASS ACTION |
| | ) | COMPLAINT |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | |
| FLAGSTAR BANK, FSB, | ) | |
| | ) | |
| *Defendant.* | ) | |

## INTRODUCTION

1.     Representative Plaintiff Joseph J. Pezzullo, on behalf of himself and all other similarly-situated individuals ("Plaintiffs") brings this class action as described in the paragraphs set forth herein.

2.     Plaintiffs seeks a declaratory judgment that Defendant Flagstar Bank, FSB (Flagstar) proceeded to foreclose the subject matter mortgage, sell at Mortgagee's Foreclosure Sale, and convey the subject property without the requisite and specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34. Further, Flagstar breached an agreement it made directly with Plaintiff to modify his mortgage after Plaintiff made three Trial Payments. Flagstar's breach is the direct and proximate cause of the foreclosure as noted herein.  Furthermore, the Defendants also were not authorized to accelerate or foreclose Plaintiffs' mortgages as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by regulations of

Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b).

3.     Plaintiffs pray that this Honorable Court declare that any foreclosure, mortgagee's foreclosure sale, and conveyance by foreclosure deed of the subject property, in violation of R.I.G.L. § 34-11-34 and caused by Defendant's Breach of Contract and are therefore invalid, void, and without force and effect. Plaintiffs further request this Honorable Court enjoin Flagstar from further conveyance of their subject properties and/or taking any eviction actions against Plaintiffs and/or their tenants as Flagstar's right of possession is not superior to Plaintiffs, having been conveyed the property subsequent to a void conveyance in violation of R.I.G.L. § 34-11-34 as noted above and quiet title to the subject property.

## JURISDICTION AND VENUE

4.     Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

5.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiffs are typical of the claims of the class.  Further, the Representative Plaintiffs will fairly and adequately protect the interest of the class.

6.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate

2

final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

7.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

9.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

10.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

11.      Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

12.      Plaintiffs and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

13.      In the alternative, Plaintiffs and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 34-11-34, breach of the mortgage contract and violation of 24 CFR 203.604(b).

3

14.     Plaintiffs and members of the class claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to their properties are affected by any conveyance of another person in each of their chain of title.


## PARTIES

15.     Representative Plaintiff, Joseph J. Pezzullo, resides at and claims to be one of the the rightful owners of properties within 200 miles of a branch of Defendant Flagstar at 3 Mascio Drive, Johnston, RI 02919 which is the subject property referenced herein.

16.     Defendant Flagstar Bank, FSB is a mortgage servicing and banking related services company located at 5151 Corporate Drive, Troy, MI 48098.

## GENERAL FACTS AND RELEVANT BACKGROUND

7.     The majority of mortgages made in this country are securitized. Simply put, the originating lender grants the initial loan and the borrower gives a promissory note (underlying obligation) and mortgage (security instrument) to that originating lender. The originating lender then typically "pools" that mortgage and note with other mortgages and notes, and sells all of their interest in and title to those notes and mortgages to a trust. The trust then sells "bonds" or "certificates" representing a percentage of the assets of the trust, mainly the notes and mortgages, and the cash flows associated with the monthly payments made thereon.

8.     Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated by entities, such as Defendant GMAC, and are then pooled and transferred into mortgage backed trusts. Trusts backed by FHA insured mortgage loans are administrated by Government National Mortgage Association (Ginnie Mae). Ginnie Mae is a wholly-owned corporate

4

instrumentality of the United States located within the Department of Housing and Urban Development and was created by the Housing and Urban Development Act of 1968, 825 Stat. 491. Its powers are prescribed generally by Title III of the National Housing Act, as amended, Pub. L. 73-479, codified at 12 U.S.C. 1716 et seq.

9.     The originating entity of FHA mortgages is also referred to as an Issuer. After originating a number of FHA mortgages, the Issuer creates pools of mortgages or loan packages of mortgages with those mortgages it has originated or acquired. It prepares and submits documents for each pooled loan to a document custodian (which may be the same entity as the Issuer), and documents describing the pool or loan package as a whole to a Pool Processing Agent ("PPA"). The Issuer markets securities guaranteed by Ginnie Mae that are collateralized by these pools or loan packages. It administers the securities, providing the funds required for monthly payments to be made to security holders and reporting to Ginnie Mae. The Issuer is responsible for servicing the pooled mortgages until maturity or termination. (See: Exhibit 1; Ginnie Mae MBS Guide, Chapter 1, Sec. 1-10 (B)).

10.     Documents relating to the pooled mortgages <u>must be held by the document custodian</u>, which may be the same entity as the Issuer, <u>on Ginnie Mae's behalf</u> for the life of the pool or loan package. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-1).

11.     The document custodian is required to review and certify for each pool and loan package that the loan and pool or loan package documents placed in its control completely and accurately represent the pool or loan package in accordance with Ginnie Mae requirements. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-3).

5

12.     One of the documents that must be received and reviewed by the Document Custodian for initial certification of each pooled mortgage is an <u>original note</u>, or other evidence of indebtedness, <u>endorsed in blank and without recourse by the pooling Issuer</u>. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-4(A)(4)).

13.     As noted above at ¶ 11, Documents relating to the pooled mortgages must be held by a document custodian <u>on Ginnie Mae's behalf</u>. As noted above at ¶ 13, one of those documents is the <u>original note</u>, <u>endorsed in blank and without recourse by the pooling Issuer</u>, meaning that Ginnie Mae is the note-holder with respect to all FHA insured mortgage loans, regardless of the identity of the originating or servicing entity. As such Ginnie Mae is the note-holder/Lender of the mortgage given by Plaintiff Joseph J. Pezzullo as noted herein.

14.     Additionally, all FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

15.     At issue in this action is a Regulation codified in USC 24(B)(II)(B) 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

16.     USC 24(B)(II)(B) 203.604(c) further states that a face-to-face meeting is not required if: (1) the mortgagor does not reside in the mortgaged property, (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch

6

office of either, (3) the mortgagor has clearly indicated that he will not cooperate in the interview, (4) a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) a reasonable effort to arrange a meeting is unsuccessful.

17.     USC 24(B)(II)(B) 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

## ALLEGATIONS OF THE NAMED PLAINTIFF

18.     Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

19.     On November 27, 2007 one of the subject properties was granted to Plaintiff Joseph J. Pezzullo. The Deed evidencing transfer of the ownership of the subject property was recorded in the Town of Johnston Clerks Office, Land Evidence Records in Book 1884 at Page 271 on November 28, 2007.

20.     On October 30, 2008 Plaintiff executed a mortgage and note for $245,278.00 to Sher Financial Group, Inc. as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as  mortgagee and nominee of Lender. The Mortgage was recorded in the Town

7

of Johnston Clerks Office, Land Evidence Records in Book 1960 at Page 238 on November 12, 2008. (the "Pezzullo Mortgage").

21.     The Pezzullo Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-0971586-703.

22.     Plaintiffs herein allege that the note secured by the Pezzullo Mortgage was endorsed in blank by Sher Financial Group, Inc. and otherwise transferred to a Document Custodian and held by said Document Custodian on Ginnie Mae's behalf. As such, Ginnie Mae is in fact the Lender and holder of the note given by Plaintiff in return for the mortgage loan as noted herein.

23.     On or about February 2010, Plaintiff and Defendant entered into a verbal contract wherein it was agreed among the parties that Plaintiff would be offered a "No-Doc" Modification. As part of said contract, Plaintiff was required to pay to Defendant the sum of $1,170.00 each month for three (3) months beginning March 1, 2010 through May 1, 2010 (Trial Period). Upon successful completion of said Trial Period by Plaintiff, Defendant agreed they would permanently modify the Pezzullo mortgage.

24.     Plaintiff made all three payments on time and as agreed under the Trial Period and continued to do through November 1, 2010, at which point Flagstar Breached their agreement with Plaintiff and told him that instead of permanently modifying the Pezzullo Mortgage, they requested that Plaintiff pay the sum of $2,298.22 each month under a forbearance plan that would not cure Plaintiff's default.

25.     On February 11, 2011, MERS purportedly assigned the Pezzullo Mortgage to Flagstar. Said assignment was recorded in the Town of Johnston Clerks Office, Land Evidence Records in Book 2126 at Page 308 on February 22, 2011.

8

26.     Plaintiff made payments under the forbearance plan as instructed through August 1, 2013 at which time Defendant sent back August 1, 2013 payment and refused to accept further payment from Plaintiff.

27.     Defendant failed to perform under the contract they formed with Plaintiff and instead breached said contract by not providing Plaintiff with a permanent modification of the Pezzullo Mortgage after Plaintiff made all payments under the Trial Period as agreed.

28.     On or about October 13, 2016, Flagstar retained Harmon Law, PC to foreclose the subject matter mortgage, and caused to be sent to Plaintiff a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of December 6, 2016.

42.     Further, the foreclosure and acceleration purportedly conducted by the Defendant is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

43.     Plaintiffs herein alleges that Flagstar did not have a face to face interview with the borrower before three full monthly installments due on the mortgage were unpaid, and that the Defendant made no effort to arrange such a meeting.

44.     Plaintiffs further alleges that the subject property is within 200 miles of a branch offices of the Defendants[1]; and that they occupied and still occupy the mortgaged property; and they never clearly indicated to the Defendants that they would not

---

[1] As example, Flagstar, maintained a branch office at 40 Westminster St. Providence, RI 02903 which is within 200 miles in driving distance from the Plaintiffs' mortgaged property. On good information and belief, subject to further discovery, Flagstar maintained said branch office at the time the Plaintiffs were 3 months delinquent on their mortgage.

9

cooperate with such an interview; and they did not enter into a repayment plan, where payments thereunder were current, consistent with their circumstances to bring their account current, thus making a meeting unnecessary.

25.    Defendant Flagstar's breach is the direct and proximate cause of the acceleration and foreclosure of the Pezzullo Mortgage.

26.    Flagstar did not have a requisite authority, power of attorney, or recorded power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to foreclose, sell the subject property at mortgagee's foreclosure sale, or convey the subject property via foreclosure deed as is required by R.I.G.L. § 34-11-34. As such the foreclosure, mortgagee's foreclosure sale and conveyance by foreclosure deed are invalid, void, and without force and/or effect.

## CLASS ALLEGATIONS

27.    Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

28.    Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

29.    The Plaintiffs sue on behalf of himself and all homeowners or former homeowners since February 2010 whose; mortgages were foreclosed, properties sold at Mortgagee's Foreclosure Sales and conveyed without Defendants Flagstar possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34;

30.    The Plaintiffs' sue on behalf of himself and all homeowners or former homeowners wherein Defendant Flagstar failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid; whose properties were within

10

200 miles of a branch office of the Defendants; who occupied the mortgaged property as their primary residence; who never clearly indicated to the Defendants that they would not cooperate with such an interview; and who did not enter into a repayment plan, where payments thereunder were current, consistent with the their circumstances to bring the their account current thus making a meeting unnecessary, in breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

31.     The gravity of harm to Plaintiff and members of the class resulting from the Defendants' violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b) outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

32.     Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

33.     Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

34.     Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

35.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

11

36.     Plaintiffs' claim on behalf of himself and all others so similarly situated that the Defendants violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b), are the direct cause of the harms alleged herein.

37.     Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

38.     Plaintiff does not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants.  Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants' books and records.  Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

39.     All members of the class have been subject to and affected by the same conduct.

40.     The questions of law and fact are common to the class, and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

41.     The claims of the Named Plaintiff are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Named Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

42.     The Named Plaintiff will fairly and adequately represent the interests of the class as a whole.  The Named Plaintiff are committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

12

43. A Class Action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

44. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

45. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

47. The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

48. It is desirable to concentrate the litigation of the claims in this particular forum.

49. There are little to no difficulties likely to be encountered in the management of a classification.


## COUNT I
## VIOLATION OF R.I.G.L. § 34-11-34

50. Plaintiffs repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

51. Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

13

52.     The subject matter note at all times relevant to the foreclosure actions as noted herein was held by Ginnie Mae.

53.     Harmon Law, PC was retained by Flagstar to foreclose and conduct a mortgagee's foreclosure sale.

54.     R.I.G.L. § 34-11-34 states in pertinent part;

> **§ 34-11-34 Conveyances executed by attorney – Recording of power.** – Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, <u>providing that a power of attorney be given by such grantor for this purpose</u>; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered <u>and recorded</u> with like formalities prescribed by law concerning deeds from grantors in person.
>
> (Emphasis Added).

55.     At the time of the foreclosure, mortgagee's foreclosure sale, and conveyance of the subject property via foreclosure deed, Flagstar was not the note-holder or "Lender" with respect to the Pezzullo Mortgage.

56.     At all relevant times required to foreclosure, sell at mortgagee's foreclosure sale, and convey the subject property via foreclosure deed, Flagstar did not have specific authority, power of attorney, or a recorded power of attorney from note-holder "Lender" Ginnie Mae, authorizing Flagstar to foreclosure, sell at mortgagee's foreclosure sale, and make conveyance by foreclosure deed of the subject property, as is required pursuant to R.I.G.L. § 34-11-34.

14

57.     Flagstar's foreclosure of the Pezzullo Mortgage, mortgagee's foreclosure sale of the subject property, and conveyance of the subject property via foreclosure deed are in violation of R.I.G.L. § 34-11-34 and are void, invalid and without force and effect.

58.     As a direct result of Defendant Flagsta's actions, the Plaintiff has suffered damages including emotional distress, loss of title to property, improper reporting to credit bureaus, lost opportunities to seek other loss mitigation alternatives to foreclosure, court costs, and attorney's fees in defenses of foreclosure and eviction.

59.     Plaintiffs are entitled to a Declaratory Judgment that the foreclosure, mortgagee's foreclosure sale, and conveyance of the subject property via foreclosure deed are void, invalid, and without force and effect.

60.     Plaintiffs are entitled to have the foreclosure deeds rescinded and the title to the property restored as if no foreclosure had taken place.

## COUNT II
### BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

61.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

62.     Plaintiffs bring this claim on their own behalf and on behalf of each member of the class described above.

63.     As described above, the Defendant's offer to permanently modify the Pezzulo Mortgage in return for Plaintiff making three (3) monthly payments of $1,170.00 to the Defendant constitutes a valid offer.

64.     By making said monthly payments, on time and as agreed, Plaintiff accepted Defendant's offer.

15

65.     Alternatively, Plaintiff's agreement to make said monthly payments constitutes an offer.  Acceptance of this offer occurred when Defendant accepted Plaintiff's payments.

66.     The agreement was supported by consideration.  First, Plaintiff's payments to Defendant constitutes consideration.  By making those payments – in an amount and manner different from their previous payments – Plaintiff gave up the ability to pursue other means of saving his home. These actions constitute both a detriment to the Plaintiff and a benefit to Defendant.

67.     Plaintiff and Defendant thereby formed a valid contract.

68.     To the extent that the contract was subject to a condition subsequent by providing Defendant an opportunity to request and/or review documentation from Plaintiff, this condition was waived by Defendant in that they failed to timely raise it and/or they are estopped to assert it as a defense to Plaintiffs' claims.

69.     By failing to offer Plaintiff timely permanent modification, Defendant breached the contract.

70.     Plaintiffs remains ready, willing and able to perform under the contract.

71.     Plaintiff has suffered harm and is threatened with additional harm from Defendant's breach, including but not limited to foreclosure, longer loan payoff time, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.  Plaintiff's injury is measured by the difference between his current circumstances and the modification he was entitled to.

72.     By making Trial Period payments both during and after the Trial Period, Plaintiff forewent other remedies that he might have pursued to save his home, such as restructuring his debt under the bankruptcy code, or pursuing other strategies to deal with

16

his default, such as selling his home. Plaintiff also has suffered additional harm in the form of foreclosure activity against his home.

73.     Defendant is obligated by contract and common law to act in good faith and to deal fairly with the Plaintiff so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance. *See e.g.*, *Ide Farm & Stable, Inc. v. Cardi,* 110 R.I. 735, 739 (1972).

74.     As a result of these failures to act in good faith and the absence of fair dealing, Defendant caused Plaintiff harm, as alleged above.  Defendant's bad faith was thus to Plaintiff's detriment.

## COUNT III
## BREACH OF CONTRACT AND BREACH OF COVENANT
## OF GOOD FAITH AND FAIR DEALING

75.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

76.     Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

77.     As described above, the mortgage contract entered into by Plaintiff and member of the class constitute valid offers.

78.     Upon Plaintiff and members of the class executing the mortgage contracts and giving them to Lender, the / Mortgagee/ Lender's accepted those offers.

79.     Alternatively, Plaintiff and members of the class' execution of the mortgage contract thereby giving a security interest in his property to the Lender constituted an offer.  Acceptance of that offer occurred when Defendant accepted payments made by Plaintiff pursuant to the mortgage contract.

80.     The mortgage contract was supported by consideration.  Plaintiff and members of the class' payments to the Defendant constituted consideration.

17

81.     Plaintiff and members of the class and Defendant thereby formed valid contracts and Plaintiff and members of the class remain ready, willing and, able to perform under the contract.

82.     Defendant breached the mortgage contracts of Plaintiff and members of the class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid...  (See: 24 CFR .604(b)).

The Defendant failed to have face to face meetings with Plaintiff and memebers of the class before three full monthly installments due on the mortgages were unpaid. Further, the Defendant failed to make reasonable efforts to arrange such meetings with Plaintiff and members of the class.

83.     Plaintiff and members of the class have suffered harm and is threatened with additional harm from Defendant's breach, including but not limited to loss of property

interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

84.     The Defendant is obligated by contract and common law to act in good faith and to deal fairly with the Plaintiff and members of the class so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.  (See e.g., Ide Farm & Stable, Inc. v. Cardi, 110 R.I. 735, 739 (1972)).

85.     Upon good information and belief Defendant routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

a.  Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs and members of the class;

b.  Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel;

c.  Failing to follow through on written and implied promises;

d.  Failing to follow through on contractual obligations; and

e.  As a result of these failures to act in good faith and the absence of fair dealing, the Defendants' caused Plaintiff and members of the class harm, as alleged above.  The Defendant's bad faith was thus to Plaintiff and members of the class' detriment.

19

86.     By breaching the terms of the mortgage contracts of Plaintiffs and members of the class as stated in paragraph 9(d) by proceeding and completing foreclosures when those actions were not permitted by regulations of the Secretary of the Department of Housing and Urban Development as codified in 24 CFR 203.604(b), Flagstar violated this duty.

87.     The Plaintiff and members of the class were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their accounts.

88.     Plaintiff and members of the class suffered severe and extreme emotional and mental distress as the direct result of the Defendants actions.

89.     The Plaintiff and members of the class are entitled to a declaratory judgment determining that the foreclosures and mortgagee's foreclosure sales of their properties are void.

90.     The Plaintiff and members of the class are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

91.     The Plaintiff and members of the class are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

92.     Plaintiff and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their properties as if no foreclosure sale had ever occurred.  In addition, Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure sales.

20

Case Number: PC-2017-1295
Filed in Providence/Bristol County Superior Court
Submitted: 3/22/2017 5:48:01 PM
Envelope: 976570
Reviewer: Carol G.

93.     Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT IV
## PROMISSORY ESTOPPEL, IN THE ALTERNATIVE

94.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

95.     Defendant, by way of its agreement, made representations to Plaintiff that if he made three Trial Period payments, he would receive a permanent modification.

96.     Defendant's agreement was intended to induce Plaintiff to rely on said agreement and make monthly Trial Period payments.

97.     Plaintiff did indeed rely on Defendant's representation by submitting those payments on time and as agreed.

98.     Plaintiff's reliance was reasonable.

99.     Plaintiff's reliance was to his detriment.  Plaintiff's detrimental reliance is measured by the difference between his current circumstances and the terms of the modification that he is entitled to – a difference that includes the wrongful loss of a property interest.  Such detriment includes longer loan payoff times, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.  Further, Plaintiff has lost the opportunity to fund other strategies to deal with his default and to avoid foreclosure.

March 22, 2017

> Respectfully Submitted,
> Plaintiff, By his Attorney,
>
>
> /s/ *Todd S. Dion*

21

Case Number: PC-2017-1295
Filed in Providence/Bristol County Superior Court
Submitted: 3/22/2017 5:48:01 PM
Envelope: 976570
Reviewer: Carol G.

Todd S. Dion, Esq. (6852)
1599 Smith Street
North Providence, RI 02911
401-639-4330 Phone
401-639-4331 Fax
toddsdion@msn.com

22