# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH J. PEZZULLO, on behalf of himself and all others similarly situated | ) ) ) | |
| | ) | CA NO. 1:17-cv-00189 |
| *Plaintiff*, | ) ) | |
| | ) | AMENDED CLASS |
| | ) | ACTION COMPLAINT |
| | ) | |
| vs. | ) | JURY DEMAND |
| | ) | |
| FLAGSTAR BANK, FSB, | ) | |
| | ) | |
| *Defendant*. | ) | |

## INTRODUCTION

1. Representative Plaintiff Joseph J. Pezzullo, on behalf of himself and all other similarly-situated individuals ("Plaintiffs") brings this class action as described in the paragraphs set forth herein.

2. Plaintiffs seeks a declaratory judgment that Defendant Flagstar Bank, FSB (Flagstar) proceeded to accelerate and foreclose the subject matter mortgages when the Defendant was not authorized to accelerate or foreclose Plaintiffs' mortgages as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by regulations of Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b). Plaintiffs aver that the Defendant failed to have minimal procedures in place to insure against or attempt to avoid such breaches of the mortgage contracts with Plaintiffs.

3. Plaintiffs pray that this Honorable Court declare that any foreclosure, mortgagee's foreclosure sale, and conveyance by foreclosure deed of the subject property was caused by Defendant's Breach of Contract and are therefore invalid, void, and without force and

effect. Plaintiffs further request this Honorable Court enjoin Flagstar from further conveyance of their subject properties and/or taking any eviction actions against Plaintiffs and/or their tenants as Flagstar's right of possession is not superior to Plaintiffs, having been conveyed in breach of the mortgage contract and quiet title to the subject property.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(d) in that this compliant is a putative class action in which the matter in controversy exceeds $75,000,00, exclusive of costs or interest and the names plaintiffs and defendant are citizens of a different State.

5. The parties are joined in a single lawsuit due to the significant number of common issues of fact and law raised by the claims of the Plaintiffs as detailed below.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b), because Plaintiffs are residents of Rhode Island and Defendant transacts substantial business in this district.

## PARTIES

7. Representative Plaintiff, Joseph J. Pezzullo, resides at and claims to be one of the the rightful owners of properties within 200 miles of a branch of Defendant Flagstar at 3 Mascio Drive, Johnston, RI 02919 which is the subject property referenced herein.

8. Defendant Flagstar Bank, FSB is a mortgage servicing and banking related services company located at 5151 Corporate Drive, Troy, MI 48098.

## GENERAL FACTS AND RELEVANT BACKGROUND

9. All FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights,

in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

10. At issue in this action is a Regulation codified in 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

11. 24 CFR 203.604(c) further states that a face-to-face meeting is not required if: (1) the mortgagor does not reside in the mortgaged property, (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, (3) the mortgagor has clearly indicated that he will not cooperate in the interview, (4) a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) a reasonable effort to arrange a meeting is unsuccessful.

12. 24 CFR 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

## ALLEGATIONS OF THE NAMED PLAINTIFF

13. Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

14. On November 27, 2007 one of the subject properties was granted to Plaintiff Joseph J. Pezzullo. The Deed evidencing transfer of the ownership of the subject property was recorded in the Town of Johnston Clerks Office, Land Evidence Records in Book 1884 at Page 271 on November 28, 2007.

15. On October 30, 2008 Plaintiff executed a mortgage and note for $245,278.00 to Sher Financial Group, Inc. as Lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee and nominee of Lender. The Mortgage was recorded in the Town of Johnston Clerks Office, Land Evidence Records in Book 1960 at Page 238 on November 12, 2008. (the "Pezzullo Mortgage").

16. The Pezzullo Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 451-0971586-703.

17. Plaintiffs herein allege that the note secured by the Pezzullo Mortgage was endorsed in blank by Sher Financial Group, Inc. and otherwise transferred to a Document Custodian and held by said Document Custodian on Ginnie Mae's behalf. As such, Ginnie Mae is in fact the Lender and holder of the note given by Plaintiff in return for the mortgage loan as noted herein.

18. On February 11, 2011, MERS purportedly assigned the Pezzullo Mortgage to Flagstar. Said assignment was recorded in the Town of Johnston Clerks Office, Land Evidence Records in Book 2126 at Page 308 on February 22, 2011.

19. On or about October 13, 2016, Flagstar retained Harmon Law, PC to foreclose the subject matter mortgage, and caused to be sent to Plaintiff a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of December 6, 2016.

20. Further, the foreclosure and acceleration purportedly conducted by the Defendant is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

21. Plaintiffs herein alleges that Flagstar did not have a face to face interview with the borrower before three full monthly installments due on the mortgage were unpaid, and that the Defendant made no effort to arrange such a meeting.

22. Plaintiffs further alleges that the subject property is within 200 miles of a branch offices of the Defendants[1]; and that they occupied and still occupy the mortgaged property; and they never clearly indicated to the Defendants that they would not cooperate with such an interview; and they did not enter into a repayment plan, where payments thereunder were current, consistent with their circumstances to bring their account current, thus making a meeting unnecessary.

23. Defendant Flagstar's breach is the direct and proximate cause of the acceleration and foreclosure of the Pezzullo Mortgage.

---

[1] As example, Flagstar, maintained a branch office at 40 Westminster St. Providence, RI 02903 which is within 200 miles in driving distance from the Plaintiffs' mortgaged property. On good information and belief, subject to further discovery, Flagstar maintained said branch office at the time the Plaintiffs were 3 months delinquent on their mortgage.

## CLASS ALLEGATIONS

24. Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

25. Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

26. The Plaintiffs' sue on behalf of himself and all homeowners or former homeowners wherein Defendant Flagstar failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid; whose properties were within 200 miles of a branch office of the Defendants; who occupied the mortgaged property as their primary residence; who never clearly indicated to the Defendants that they would not cooperate with such an interview; and who did not enter into a repayment plan, where payments thereunder were current, consistent with the their circumstances to bring the their account current thus making a meeting unnecessary, in breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

27. The gravity of harm to Plaintiff and members of the class resulting from the Defendant's breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b) outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

28. Defendants' conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

29. Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

30. Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

31. Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

32. Plaintiffs' claim on behalf of himself and all others so similarly situated that the Defendant's breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b), are the direct cause of the harms alleged herein.

33. Excluded from the class are governmental entities, the Defendants, their affiliates and subsidiaries, the Defendants current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

34. Plaintiff does not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendants. Plaintiffs believe that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendants' books and records. Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

35. All members of the class have been subject to and affected by the same conduct.

36. The questions of law and fact are common to the class, and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

37. The claims of the Named Plaintiff are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Named Plaintiffs and the other members of the class were subject to the same conduct. (i.e. Typicality).

38. The Named Plaintiff will <u>fairly and adequately represent the interests of the class</u> as a whole. The Named Plaintiff are committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

39. A Class Action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

40. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

41. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

43. The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

44. It is desirable to concentrate the litigation of the claims in this particular forum.

45. There are little to no difficulties likely to be encountered in the management of a classification.

# COUNT I.
## BREACH OF CONTRACT AND BREACH OF COVENANT
## OF GOOD FAITH AND FAIR DEALING

46. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

47. Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

48. As described above, the mortgage contract entered into by Plaintiff and member of the class constitute valid offers.

49. Upon Plaintiff and members of the class executing the mortgage contracts and giving them to Lender, the / Mortgagee/ Lender's accepted those offers.

50. Alternatively, Plaintiff and members of the class' execution of the mortgage contract thereby giving a security interest in his property to the Lender constituted an offer. Acceptance of that offer occurred when Defendant accepted payments made by Plaintiff pursuant to the mortgage contract.

51. The mortgage contract was supported by consideration. Plaintiff and members of the class' payments to the Defendant constituted consideration.

52. Plaintiff and members of the class and Defendant thereby formed valid contracts and Plaintiff and members of the class remain ready, willing and, able to perform under the contract.

53. Defendant breached the mortgage contracts of Plaintiff and members of the class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require

> immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid... (See: 24 CFR .604(b)).

62. The Defendant failed to have face-to-face meetings with Plaintiff and memebers of the class before three full monthly installments due on the mortgages were unpaid. Further, the Defendant failed to make reasonable efforts to arrange such meetings with Plaintiff and members of the class.

63. Plaintiff and members of the class have suffered harm and is threatened with additional harm from Defendant's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

64. The Defendant is obligated by contract and common law to act in good faith and to deal fairly with the Plaintiff and members of the class so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance. (See e.g., Ide Farm & Stable, Inc. v. Cardi, 110 R.I. 735, 739 (1972)).

65. Upon good information and belief Defendant routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

   a. Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs and members of the class;

   b. Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel;

   c. Failing to follow through on written and implied promises;

   d. Failing to follow through on contractual obligations; and

   e. As a result of these failures to act in good faith and the absence of fair dealing, the Defendants' caused Plaintiff and members of the class harm, as alleged above. The Defendant's bad faith was thus to Plaintiff and members of the class' detriment.

66. By breaching the terms of the mortgage contracts of Plaintiffs and members of the class as stated in paragraph 9(d) by proceeding and completing foreclosures when those actions were not permitted by regulations of the Secretary of the Department of Housing and Urban Development as codified in 24 CFR 203.604(b), Flagstar violated this duty.

67. The Plaintiff and members of the class were damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on their accounts.

68.     Plaintiff and members of the class suffered severe and extreme emotional and mental distress as the direct result of the Defendants actions.

69.     The Plaintiff and members of the class are entitled to a declaratory judgment determining that the foreclosures and mortgagee's foreclosure sales of their properties are void.

70.     The Plaintiff and members of the class are entitled to an injunction preventing the transfer of the right, title, and interest in their properties.

71.     The Plaintiff and members of the class are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

72.     Plaintiff and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their properties as if no foreclosure sale had ever occurred.  In addition, Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure sales.

73.     Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

June 6, 2017

Respectfully Submitted,
Plaintiff, By his Attorney,


/s/ *Todd S. Dion*
Todd S. Dion, Esq. (6852)
371 Broadway
Providence, RI 02909
401-353-1230 Office
401-353-1231 Fax
toddsdion@msn.com

**CERTIFICATE OF SERVICE**

       I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 6, 2017.

                                         /s/ Todd S. Dion_____
                                         Todd S. Dion